UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| U.S. Securities and Exchange Commission, | Case No. 21-cv-1943 (WMW/KMM) |
| Plaintiff, | **ORDER APPROVING CONSENT JUDGMENT** |
| v. | |
| Howard S. Kleyman, | |
| Defendant. | |

This matter is before the Court on Plaintiff U.S. Securities and Exchange Commission's (SEC) motion for entry of the parties' proposed consent judgment (Proposed Consent Judgment). (Dkt. 2.) The Proposed Consent Judgment represents a purported agreement between the parties to resolve a dispute regarding allegations that Defendant Howard S. Kleyman violated federal securities laws. For the reasons addressed below, the motion is granted and the Proposed Consent Judgment is approved.

## BACKGROUND

The SEC commenced this action against Kleyman on August 30, 2021. The SEC's complaint contains two counts alleging that Kleyman engaged in securities fraud, in violation of the Securities Exchange Act of 1934 (Exchange Act), 15 U.S.C. §§ 77q(a)(1), 77q(a)(3), 78j(b), and federal regulations promulgated thereunder. On the same day that it filed the complaint against Kleyman, the SEC filed the Proposed Consent Judgment. The Proposed Consent Judgment, among other things, permanently enjoins Kleyman from violating certain provisions of the Exchange Act and federal regulations promulgated

thereunder, orders Kleyman to pay disgorgement in the amount of $12,499.12 plus prejudgment interest thereon in the amount of $1,250.37, and orders Kleyman to pay a civil penalty in the amount of $50,000. The Proposed Consent Judgment also outlines Kleyman's obligations with respect to paying these amounts and provides that this Court will retain jurisdiction over this matter for the purpose of enforcement. SEC moves for entry of the Proposed Consent Judgment. Kleyman does not oppose the SEC's motion.

## ANALYSIS

In cases implicating important public interests, the Eighth Circuit has recognized that district courts have a role in approving settlement agreements. *See, e.g.*, *EEOC v. Prod. Fabricators, Inc.*, 666 F.3d 1170, 1172–74 (8th Cir. 2012) (reversing district court's rejection of consent decree involving alleged violation of Americans with Disabilities Act); *United States v. BP Amoco Oil PLC*, 277 F.3d 1012, 1018–21 (8th Cir. 2002) (affirming approval of consent decree involving environmental cleanup). "Public law settlements are often complicated documents designed to be carried out over a period of years, . . . so any purely out-of-court settlement would suffer the decisive [disadvantage] of not being subject to continuing oversight and interpretation by the court." *Prod. Fabricators*, 666 F.3d at 1173 (omission in original) (quoting *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 523 n.13 (1986)). The decision whether to approve a consent decree rests within the discretion of the district court. *Id.* at 1172.

Here, the Proposed Consent Judgment implicates significant public interests—namely, defending the integrity of the securities markets, protecting investors by identifying and addressing securities fraud, and deterring future misconduct by Kleyman

and others.  In addition, the Proposed Consent Judgment is a complicated document that includes obligations to be fulfilled over an extended period of time.  These obligations include the collection of funds from Kleyman and the subsequent distribution of those funds.  Such obligations may require continuing oversight and interpretation by a court.  A district court "is more than a recorder of contracts from whom parties can purchase injunctions," however.  *Id.* (internal quotation marks omitted).  Accordingly, before entering a consent judgment, this Court must find that the proposed judgment is (1) procedurally fair, (2) substantively fair, (3) reasonable and (4) consistent with the governing law.  *See United States v. Hercules, Inc.*, 961 F.2d 796, 800 (8th Cir. 1992); *United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 85–93 (1st Cir. 1990).

## I. Procedural Fairness

"To measure procedural fairness, a court should ordinarily look to the negotiation process and attempt to gauge its candor, openness, and bargaining balance."  *Cannons*, 899 F.2d at 86; *accord BP Amoco*, 277 F.3d at 1020.  The reviewing court should determine whether the government and the settling defendant were "negotiating in good faith and at arm's length" when crafting the proposed consent judgment.  *BP Amoco*, 277 F.3d at 1020.

Here, the SEC's motion does not address procedural fairness.  But the record includes Kleyman's signed consent, which provides that Kleyman "enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the [SEC] . . . to induce [Kleyman] to enter into this Consent."  Accordingly, the record demonstrates that the Proposed Consent Judgment is procedurally fair.

3

**II.   Substantive Fairness**

"Substantive fairness introduces into the equation concepts of corrective justice and accountability: a party should bear the cost of the harm for which it is legally responsible." *Id.* (quoting *Cannons*, 899 F.2d at 87). When reviewing a consent judgment for substantive fairness, a district court does not examine "whether the settlement is one which the court itself might have fashioned, or considers as ideal, but whether the proposed decree is fair, reasonable, and faithful to the objectives of the governing statute." *Cannons*, 899 F.2d at 84.

Here, if the Court enters the Proposed Consent Judgment, Kleyman will be held accountable for his alleged violations of the Exchange Act and enjoined from future violations of these laws. Kleyman will pay civil penalties for his alleged violations, together with disgorgement and interest. The disgorgement amount is equal to defrauded funds that Kleyman allegedly disbursed into his own account. On this record, the Proposed Consent Judgment is substantively fair.

**III.   Reasonableness**

"A court evaluating a proposed S.E.C. consent decree for fairness and reasonableness should, at a minimum, assess (1) the basic legality of the decree; (2) whether the terms of the decree, including its enforcement mechanism, are clear; (3) whether the consent decree reflects a resolution of the actual claims in the complaint; and (4) whether the consent decree is tainted by improper collusion or corruption of some kind." *SEC v. Citigroup Glob. Mkts., Inc.*, 752 F.3d 285, 294–95 (2d Cir. 2014) (internal citations omitted); *see also Angela R. ex rel. Hesselbein v. Clinton*, 999 F.2d 320, 325 (8th

Cir.1993) (concluding that district court abused its discretion by approving consent decree that did not properly define the enforcement mechanisms). Protection of the public interest is an important, overarching consideration. *United States v. Akzo Coatings of Am., Inc.*, 949 F.2d 1409, 1435 (6th Cir. 1991) (involving a consent decree in the environmental context). Moreover, a district court may defer to the SEC's expertise in determining whether a proposed consent judgment best serves the public interest. *See Citigroup Glob.*, 752 F.3d at 296; *see also United States v. Telluride Co.*, 849 F. Supp. 1400, 1404 (D. Colo. 1994) (explaining that deference to agency judgment is appropriate only when the agency fully partakes in its oversight role).

Here, the basic legality of the Proposed Consent Judgment is supported by the record and the relevant law. Injunctive relief, disgorgement, and interest are appropriate forms of relief obtained in cases such as this. *See, e.g.*, *SEC v. Quan*, 817 F.3d 583, 587 (8th Cir. 2016); *SEC v. Cap. Sols. Monthly Income Fund, LP*, 28 F. Supp. 3d 887, 892 (D. Minn. 2014); *SEC v. Lagermeier*, No. 0:01-cv-318 (D. Minn. Feb. 22, 2001). These forms of relief are consistent with the allegations in the complaint. The record demonstrates that the disgorgement amount the SEC seeks to have Kleyman pay is a "reasonable approximation" of the ill-gotten gains Kleyman obtained as a result of his conduct. *See Cap. Sols.*, 28 F. Supp. 3d at 897; *accord SEC v. Cook*, No. 09-3333 (MJD/FLN), No. 11-574 (MJD/FLN), 2016 WL 128132, at *4 (D. Minn. Jan. 12, 2016) (concluding that disgorgement, calculated as the amount of money raised minus the amount returned to investors, was an appropriate remedy for violations of securities laws). In addition, the Exchange Act permits civil penalties in the amount set forth in the Proposed Consent

Judgment. *See* 15 U.S.C. §§ 77t(d)(2)(B), 78u(d)(3)(B)(ii).  Accordingly, the legality of the Proposed Consent Judgment is appropriate and proportionate and reflects a resolution of the actual claims in the complaint.

To be reasonable, the terms of a consent judgment, including its enforcement mechanism, also must be clear.  *See Hesselbein*, 999 F.2d at 325.  The enforcement mechanism must clearly define who may bring an enforcement action and the bases and manner for doing so.  *Id*.  Here, the Proposed Consent Judgment provides, among other things, that this Court will retain jurisdiction over this matter for the purposes of enforcement and that the SEC "may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment."  These terms clearly define who may bring an enforcement action, for what kinds of violations, and in what manner.

Finally, there is no evidence that the Proposed Consent Judgment is tainted by improper collusion or corruption, nor does the Proposed Consent Judgment disserve the public interest.  The injunctive and monetary relief outlined in the Proposed Consent Judgment appropriately and adequately serve the public interest.  For all the foregoing reasons, the Proposed Consent Judgment is reasonable.

**IV.    Consistency with Governing Law**

A consent judgment also must be consistent with the overarching principles of the governing law.  *See Cannons*, 899 F.2d at 90–93.  In cases alleging violations of securities laws, district courts have broad authority to grant appropriate injunctive relief and order

the payment of disgorgement, interest, and civil penalties. *See* 15 U.S.C. §§ 78u(d)(1), 78u-1(a)(1)(A); *SEC v. Ridenour*, 913 F.2d 515, 517 (8th Cir. 1990) (stating that disgorgement of ill-gotten profits is appropriate in securities fraud cases); *Cap. Sols.*, 28 F. Supp. 3d at 892 ("Courts have broad equitable powers over securities violations, including questions of equitable relief."); *SEC v. Brown*, 643 F. Supp. 2d 1088, 1090 (D. Minn. 2009) (explaining that the Exchange Act permits imposition of civil penalties); *SEC v. O'Hagan*, 901 F. Supp. 1461, 1473 (D. Minn. 1995) (explaining that ordering payment of interest on disgorgement amount prevents a defendant from profiting from securities violations). Accordingly, the Proposed Consent Judgment is consistent with the laws that govern this dispute.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff U.S. Securities and Exchange Commission's motion for entry of the parties' Proposed Consent Judgment, (Dkt. 2), is **GRANTED** and the Court retains jurisdiction over this matter as outlined in the Proposed Consent Judgment.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: October 7, 2021                          s/Wilhelmina M. Wright
                                                Wilhelmina M. Wright
                                                United States District Judge